a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY STEVEN HALL JR #14047-029, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00330 SEC P |
| VERSUS | JUDGE DRELL |
| USA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Anthony Steven Hall, Jr. ("Hall"). Hall is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Hall challenges his conviction and sentence.

Because Hall is not entitled to proceed under the savings clause of 28 U.S.C. § 2255(e), his Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

A jury convicted Hall of possession with intent to distribute marijuana; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and 922(g)(3). *United States v. Hall*, 877 F.3d 800, 804 (8th Cir. 2017).

The court determined that Hall was an armed career criminal based on a prior conviction of second-degree robbery under the Texas Penal Code and two counts of delivery of a controlled substance. *See United States v. Hall*, 1:15-CR-0055 (N.D. Iowa), ECF No. 137; *Hall v. United States*, No. 22-1397 (8th Cir.), Doc. 5133530. Hall objected to the calculation of his advisory guidelines range and moved for a downward variance. *Id.* at ECF No. 137. The court overruled the objection and sentenced Hall to 360 months of imprisonment. *Id.*

On appeal, Hall challenged the admission of factual statements from his withdrawn plea agreement; the denial of his motion for a mistrial; and the court's determination at sentencing that he was a career offender and an armed career criminal. *United States v. Hall*, 877 F.3d 800, 803 (8th Cir. 2017). In affirming Hall's conviction and sentence, the appellate court determined that Hall's Texas robbery conviction was a "violent felony" under the force clause of the ACCA, and a "crime of violence" under the Guidelines.[1] The United States Supreme Court denied writs. *Hall v. United States*, 139 S.Ct. 1254 (2019).

Hall then filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255 raising the following claims: (1) improper instruction of the jury and actual innocence under *Rehaif v. United States*, 139 S. Ct. 2191 (2019)[2]; (2) prosecutorial misconduct;

---

[1] The court stated: "When this robbery conviction is combined with Hall's felony drug convictions, Hall has three prior convictions 'for a violent felony or a serious drug offense,' making him an armed career criminal under the ACCA, 18 U.S.C. § 924(e)(1), as well as 'at least two prior felony convictions of either a crime of violence or a controlled substance offense,' making him a career offender under the Guidelines, USSG § 4B1.1(a)." *Id.*

[2] In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Id.* at 2194. The university told the

(3) ineffective assistance of counsel relating to prosecutorial misconduct being raised in his appeal; and (4) improper sentencing enhancement. *Hall v. United States,* 1:20-CV-00022 (N.D. Iowa), ECF No. 4-9. The motion to vacate was denied. *Id.* at ECF No. 13, 14. The Eighth Circuit denied a certificate of appealability and dismissed the appeal. *Hall v. United States*, No. 21-3115 (8th Cir. 12/1/21).

Hall then requested authorization to file a second and successive § 2255 motion based on *Borden v. United States*, 141 S. Ct. 1817 (2021). He argued that his robbery conviction did not qualify as a violent felony offense under § 924(e)(2)(B); that he was erroneously designated as an armed career criminal; and that the district court miscalculated his advisory guidelines range. *Hall*, No. 22-1397 (8th Cir. 3/28/22). The Eighth Circuit denied authorization.

In this § 2241 Petition, Hall seeks relief under *Rehaif* and *Borden*. ECF No. 1, 8.

II. <u>Law and Analysis</u>

Generally, a federal prisoner may challenge his conviction under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).

---

petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

3

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause of 2255(e) allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 via the savings clause, the petitioner must demonstrate that: (1) the claim is based on a retroactively

4

applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; Jeffers, 253 F.3d at 830).

Hall previously raised the *Rehaif* claim in his § 2255 motion, and the claim was adjudicated and denied. 1:20-CV-0022 (N.D. Iowa), ECF No. 13. Hall does not show that *Rehaif* applies retroactively to cases on collateral review. In fact, courts in the Fifth Circuit have repeatedly held that it does not. *See Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020); *Nixon v. United States*, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*).

In a supplemental memorandum, Hall also seeks relief under *Borden*. The Fifth Circuit has not addressed whether *Borden* applies retroactively on collateral review, but some other Circuits have suggested that it does. *See United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022); In re *Albertie*, 2021 U.S. App. LEXIS 26162, at *7 (11th Cir. Aug. 30, 2021) ("*Borden* announced a new rule of substantive law that is retroactively applicable under *Teague* (and the Suspension Clause) to cases on collateral review.").

Regardless, Hall does not show that *Borden* establishes that he is "actually innocent" of the conduct for which he was convicted—a drug trafficking crime (§ 924(c)(1)(A)) and possession of a firearm by a prohibited person (§§ 922(g)(1) and 922(g)(3)). As the Court in another Division of this District recently noted, "the Fifth Circuit has repeatedly emphasized the savings clause only relates to '[conviction] of a nonexistent offense' – not to innocence of a sentencing enhancement." *Dixon v. Ma'at*, 21-CV-01943, 2022 WL 496895, at *2 (W.D. La. Jan. 19, 2022), *report and recommendation adopted as modified*, 2022 WL 496932 (W.D. La. Feb. 17, 2022) (quoting *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)).

Moreover, Hall's robbery conviction still qualifies as a crime of violence, even after *Borden*. In *Borden,* the United States Supreme Court determined that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under § 924(e)(2)(B) of the ACCA.

Hall was convicted of second-degree robbery under Texas Penal Code § 29.02, which provides:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
>> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>>
>> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(b) An offense under this section is a felony of the second degree.

TX PENAL § 29.02. The statute is divided into robbery-by-threat, § 29.02(a)(2), and robbery-by-injury, § 29.02(a)(1), the latter of which can be committed recklessly and is not a violent felony under the ACCA after *Borden*. But because the statute is divisible,[3] robbery-by-threat remains a violent felony under the ACCA, even after *Borden*. *See United States v. Jackson*, 30 F.4th 269 (5th Cir. 2022); *United States v. Powell*, No. 18-11050, 2022 WL 413943, at *2 n.3 (5th Cir. 2022) (unpublished) ("[R]obbery-by-threat, whether simple or aggravated, is a violent felony under the ACCA.").

According to court records, Hall's robbery conviction falls under § 29.02(a)(2), robbery-by-threat, as he used a firearm to place "an individual in fear of imminent bodily injury and death." *See United States v. Hall,* 5:20-CR-0110, ECF No. 25 at 3. Therefore, Hall's robbery-by-threat conviction remains a violent felony under the ACCA, and *Borden* provides Hall no relief.

Because Hall cannot meet the requirements of the savings clause, he cannot proceed under § 2241. Even if he could, he would be entitled to no relief.

### III. Conclusion

Because Hall is not entitled to proceed under the savings clause, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DISMISSED for lack of

---

[3] *United States v. Garrett*, 24 F.4th 485, 491 (5th Cir. 2022).

jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Hall's claim.[4]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, May 17, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[4] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F. App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).